UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY CRAWFORD, ET AL. | CIVIL ACTION |
| v. | NO. 14-1190 |
| STATE OF LOUISIANA, ET AL. | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the motion for summary judgment filed by the defendants, noticed for submission on February 25, 2015, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] Plaintiffs allege that they are certified Medicaid providers (non-emergency medical transport, or NEMT, providers) that transport Medicaid patients to medical appointments. Plaintiffs allege that NEMT providers are primarily owned by African Americans and that they are treated and paid differently by the State administrator defendants than the primarily Caucasian-owned non-emergency ambulance providers (NEA), even though NEMT and NEA provide identical transportation services. (The plaintiffs' Title VII claims were voluntarily dismissed on October 20, 2014). Among other claims, the plaintiffs allege that the defendants' preferential treatment of NEA in administration of the medical transportation programs violates 42 U.S.C. § 2000(d).
   Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(d) states:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

1

---

To prevail on a claim under Title VI, a plaintiff must prove that the defendant received federal financial assistance and that the defendant engaged in *intentional* discrimination based on race, color, or national origin. See Alexander v. Sandoval, 532 U.S. 275, 280 (2001); Pathria v. Univ. of Texas Health Science Cetner at San Antonio, 531 Fed.Appx. 454, 455 (5th Cir. 2013)(unpublished, per curiam). Defendants concede that Title VI applies to these programs: NEMT and NEA are Medicaid providers that receive federal money. However, defendants contend that they are entitled to summary judgment dismissing the Title VI claims because the plaintiffs cannot prove intentional racial (or other illegal) discrimination. Given the record, the Court agrees.

The record reveals that the State administrators have reasons for treating NEMT and NEA differently. That is, the primary reason for any fee disparity between NEMT and NEA relates to the rendition of health care by licensed professional health care providers and the use of specialized medical equipment by ambulance providers. Whereas the NEMT providers simply drive Medicaid recipients to medical appointments (with schedules set by an outside dispatching firm based on state law), NEA providers are required to obtain proof of medical necessity before undertaking transport and the services NEA provides goes beyond transportation and includes providing medical care. More specifically, the programs have separate and distinct goals such that NEA providers are subject to more stringent specialized qualifications and equipment requirements compared to NEMT providers. The defendants categorically deny illegal discrimination and submit that the plaintiffs cannot prove their case of intentional discrimination in light of the presence of legitimate reasons for the fee disparity between NEMT and NEA providers; disparity is insufficient to prevail on a Title VI claim.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. The plaintiffs, who bear the burden of proving intentional discrimination to succeed on their Title VI claim, have failed even to respond to the defendants' motion for summary

IS ORDERED: that the defendants' motion for summary judgment is hereby GRANTED as unopposed. The plaintiffs' Title VI claims are dismissed with prejudice.

New Orleans, Louisiana, February 23, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

judgment.  The plaintiffs have failed to establish an essential element of their Title VI case: intentional discrimination.  Thus, the defendants have shown entitlement to judgment as a matter of law on the plaintiffs' Title VI claim.