UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TONY CRAWFORD, ET AL.                         CIVIL ACTION

v.                                            NO. 14-1190

STATE OF LOUISIANA, ET AL.                    SECTION "F"

ORDER AND REASONS

Before the Court is the defendants' motion to dismiss the plaintiffs' Thirteenth Amendment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is GRANTED.

**Background**

This litigation arises from the allegedly racially discriminatory administration of the Louisiana Medical Transportation Program.

The State of Louisiana, through its Department of Health and Hospitals, initiated the Louisiana Medical Transportation Program with the goal of creating means of transportation for patients to travel to their doctor's office visits. The program receives 70% of its funding from the Federal government and 30% from the State. The Louisiana Medical Transportation Program consists of four components, but at issue here are the Non-Emergency Ambulance Provider (NEA) and the Non-Emergency Medical Transportation Provider (NEMT). It is alleged that the NEA providers are 100%

1

Caucasian while the NEMT providers are 99% African American.

The plaintiffs[1] are, or were formerly, business owners registered as NEMT providers with the Department of Health and Hospitals.  All plaintiffs had been Medicaid certified to transport patients to and from their medical appointments.  The defendants include the State of Louisiana, acting through its Department of Health and Hospitals, the Department of Health and Hospitals, Kathy Kiebert, in her official capacity as Secretary of Health and Hospitals, and Ronald W. Johnson, Steffan Rutledge, Randy Davidson, Steve Erwin, and Kimberly Sullivan, all of which are named in their individual and official capacities.

Plaintiffs allege that, as NEMT providers, they were discriminated against, even though they were providing services identical to NEA providers, which were preferred by the State program.  For example, should an NEMT provider bring a dialysis patient to and from the doctor's office, they would receive $18.32 total, while an NEA provider would receive $334 for the trip plus mileage reimbursement in the amount of $6.57 per mile. Additionally, plaintiffs claim that NEMT providers are not allowed to contract with other entities to provide medical transportation while NEA may contract with other entities such as nursing homes. Plaintiffs also aver that NEA providers may submit invoices

---

[1]There are twenty six individuals and twenty six corporations and/or business entities named as complainants in the matter.

immediately while NEMT providers may only submit invoices at the beginning of the month for services rendered the previous month. This treatment adversely impacts NEMT providers' cash flow, they allege.

The plaintiffs further allege that defendants retaliated against those plaintiffs who questioned, criticized, or complained about the aforementioned discriminatory practices. Specifically, the defendants allegedly brought bogus violation charges against plaintiff, Tony Crawford, singling him out as follows:

> (1) he misrepresented the seating capacity of his van, and therefore, his trips would have to be reduced;
> (2) he was not properly licensed, and therefore, was faced with imminent termination;
> (3) he was not properly insured, and therefore, was faced with suspension or termination; and
> (4) he reported his trips improperly, and therefore, could not be paid for the ones which were allegedly improperly documented.

Plaintiffs surmise the purpose of these retaliatory tactics was to harass, threaten suspension or termination, delay plaintiffs' ability to make trips and delay and reduce plaintiffs' ability to get paid.

On May 21, 2014, the plaintiffs sued the defendants, alleging violations of Title VI and VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. They seek $300,000,000 in damages. On September 17, 2014, the plaintiffs filed their First Supplemental and

Amending Complaint; they added plaintiffs, corrected spelling
errors, and clarified plaintiffs' status as either former or
current business owners.  On October 17, 2014, the plaintiffs filed
an ex parte motion to withdraw their claims asserted under Title
VII of the Civil Rights Act of 1964; the Court granted the motion
on October 20, 2014.[2]   The plaintiffs then filed a Second
Supplemental and Amending Complaint in which they added additional
plaintiffs, along with an additional claim which reads, in its
entirety, as follows:

> Complainants hereby further supplement and
> amend their pleadings by adding to the
> original complaint at Paragraph 4, the
> violation of the 13th Amendment of the U.S.
> Constitution, as an additional cause of
> action.[3]

---

[2]Prior to the filing of the plaintiffs' ex parte motion,
defendants filed a motion to dismiss the same Title VII claims.
Because the Court granted the plaintiffs' motion to withdraw the
Title VII claims, the defendants' motion to dismiss was denied as
moot.

[3]With this amendment, and with the dismissal of the Title
VII claims, paragraph 4 of the plaintiffs' amended complaint now
reads:

> This action is brought pursuant to Title VI of
> the Civil Rights Act of 1964, as amended, 42
> U.S.C. §2000e, et seq. and the applicable law
> of the State of Louisiana, and the applicable
> regulations of the Federal government,
> including, but not limited to, Executive Order
> 12250.   As such, jurisdiction is proper
> pursuant to 28 U.S.C. §1331 and the Court's
> pendent jurisdiction. Venue is proper pursuant
> to 28 U.S.C. §139(a). It is also brought under
> 42 U.S.C. §1983 by reason of 28 U.S.C.
> §1343(a)(3) and 28 U.S.C. §1331 and the 13th
> and 14th Amendments of the U.S. Constitution.

Finally, on February 23, 2015, this Court granted as unopposed defendants' motion for summary judgment, dismissing the plaintiffs' Title VI claims.

The defendants now seek to dismiss the Thirteenth Amendment claim for failure to state a claim upon which relief may be granted.

## I. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accepts 'all

well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"   See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).   But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.   Kaiser, 677 F.2d at 1050.   Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).   A corollary: legal conclusions "must be supported by factual allegations."   Id. at 678.    Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).   "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

## II. Discussion

Plaintiffs allege that the defendants violated their Thirteenth Amendment rights by discriminating against them and then forcing them to accept such treatment by employing retaliatory

tactics.[4]  The defendants contend that the plaintiffs fail to state

a claim under the Thirteenth Amendment.   The Court agrees.

Section One of The Thirteenth Amendment provides that:

Neither slavery nor involuntary servitude, except as a
punishment for crime whereof the party shall have been
duly convicted, shall exist within the United States, or
any place subject to their jurisdiction.

"The Fifth Circuit defines involuntary servitude as 'an action by

the master causing the servant to have, or to believe he has, no

way to avoid continued service or confinement.'"  Brooks v. George

Cnty., Miss., 84 F.3d 157, 162 (5th Cir. 1996)(quoting Watson v.

Graves, 909 F.2d 1549, 1552 (5th Cir. 1990)).  "'When the employee

has  a  choice,  even  though  it  is  a  painful  one,  there  is  no

involuntary  servitude  ...  A  showing  of  compulsion  is  thus  a

prerequisite to proof of involuntary servitude.'"  Brooks, 84 F.3d

at 162 (quoting Watson, 909 F.2d at 1552).   Unless a plaintiff

alleges that he does not have the option of leaving his job or was

forced to work against his will, a Thirteenth Amendment claim must

be dismissed. See Watson, 909 F.2d at 1553; Rogers v. Am. Airlines,

Inc.,  527  F.  Supp.  229,  231  (S.D.N.Y.  1981).   Moreover,  the

Thirteenth Amendment should not be invoked "whenever an employee

asserts that his will to quit has been subdued by a threat which

seriously affects his future welfare but as to which he still has

---

[4]It is unclear whether the plaintiffs intend to advance
their Thirteenth Amendment claim as a stand alone claim, or whether
it is instead advanced as a § 1983 claim in which plaintiffs allege
their Thirteenth Amendment rights were violated.

a choice, however painful." United States v. Shackney, 333 F.2d 475, 487 (2nd Cir. 1964); Burger v. Military Sea Lift Command, 189 F.3d 467 (5th Cir. 1999)(unpublished, per curiam)(holding that crew members given a choice of working for free or being fired under some pretext did not support a claim for involuntary servitude). Further, putting aside such exceptional circumstances, none of which have been alleged to exist here, "precedents clearly define a Thirteenth Amendment prohibition of involuntary servitude enforced by the use or threatened use of physical or legal coercion." United States v. Kozminski, 487 U.S. 931, 944 (1988).[5]

To withstand dismissal of their claim, the plaintiffs focus their arguments on the nature of the relationship between the parties. But regardless of whether plaintiffs have alleged an employment or master-servant relationship, the alleged conduct of the defendants, if proved, patently does not constitute involuntary servitude. The facts alleged fail to demonstrate coercion through use, or threatened use, of law, physical force, or some other tactic that caused the NEMT providers to believe that they had no alternative to performing the transportation service. Even assuming that the plaintiffs are subject to a fee disparity, the facts alleged do not plausibly suggest that they were not free to refuse work from the defendants. Application of the Thirteenth Amendment

---

[5]There are no facts in the complaint supporting a slavery claim and, as such, the Court will not address this aspect of the Thirteenth Amendment.

should be confined to those situations that are truly akin to the slavery that gave rise to it.  <u>Steirer by Steirer v. Bethlehem Area Sch. Dist.</u>, 987 F.2d 989, 998 (3rd Cir. 1993), <u>abrogated on other grounds recognized by</u> <u>Troster v. Penn. State Dept. of Corr.</u>, 65 F.3d 1086 (3rd Cir. 1995).  Because the plaintiffs allege no facts from which the Court can infer involuntary servitude or forced labor, they have not stated a plausible claim for relief under § 1983 for a Thirteenth Amendment violation.  The case literature would suggest that plaintiffs' attempt to sweep the Thirteenth Amendment into this case borders on the frivolous.[6]

Accordingly, the defendants' motion to dismiss is GRANTED, and the plaintiffs' Thirteenth Amendment claim is hereby dismissed.[7]

New Orleans, Louisiana, February 26, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[6]To be clear, the Court does not tolerate racial discrimination; the existence of such deplorable treatment surely must be remedied.  But no such facts are alleged here as a matter of law.

[7]In addition to the plaintiffs' Thirteenth Amendment claim, the plaintiffs' Title VI and Title VII claims have been dismissed. It is unclear to the Court what, if any, claims are remaining. However, because the plaintiffs mention in their complaint the Fourteenth Amendment along with Section 1983, the Court will not dismiss the entire complaint with prejudice unless and until a party seeks such relief from the Court by filing a supported motion.